■ FRANCES T. DONOHOE, Respondent, v MELVIN A. GOLDNER, Appellant, et al., Defendants.—In an action to recover damages for personal injuries based, *inter alia,* on allegations of medical malpractice, defendant Melvin A. Goldner purportedly appeals, as of right, from so much of an order of the Supreme Court, Nassau County (Meade, J.), dated January 5, 1984, as granted plaintiff's cross motion to vacate the findings of a medical malpractice panel and direct that a new panel be convened to review the treatment rendered by him to the plaintiff. Defendant's notice of appeal is deemed an application for leave to appeal from the stated portions of the aforementioned order. Application granted.

Order affirmed, insofar as appealed from, with costs.

We cannot say that Special Term abused its discretion in granting plaintiff's cross motion. As a basis of defendant Goldner's liability, plaintiff had contended, *inter alia,* that he failed "to take all necessary and proper tests, x-rays and other diagnostic tests [*sic*] which would have revealed [her] * * * true conditions" and "to take the necessary and proper x-rays". At the time of the original malpractice panel hearing, no such evidence was presented, since plaintiff, who had misplaced the X rays actually taken, was precluded by the court order from "offering any evidence or testimony in connection with [the] x-rays". The X rays were subsequently found and their preclusion lifted by the terms of the preclusion order. Under these circumstances, we do not see why this additional theory of liability should not be submitted to a malpractice panel. As we said in *Ostrick v Mount Sinai Hosp.* (56 AD2d 646, 647), "[p]laintiff should not be able to argue at the trial that the first panel's findings were not based upon the present claims." Mangano, J. P., Brown, O'Connor and Weinstein, JJ., concur.